IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **HALEY AICKLEN,** | § § | |
| *Plaintiff,* | § § | **CIVIL ACTION NO. 4:23-cv-4122** |
| v. | § § | |
| **COTTON HOLDINGS INC.,** | § § | **JURY TRIAL DEMANDED** |
| *Defendant.* | § § § | |

## ORIGINAL COMPLAINT

Plaintiff Haley Aicklen, by and through her attorneys, brings this action for damages and other legal and equitable relief from Defendant, Cotton Holdings Inc. ("Defendant" or "Cotton Holdings"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*, the Texas Labor Code, Tex. Lab. Code §§ 21.001 *et seq.* ("TLC"), and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1. This is an action brought by Plaintiff seeking damages from Defendant for retaliation. Defendant's acts are in violation of Title VII, the TLC, and any other cause(s) of action that can be inferred from the facts set forth herein.

2. Defendant employed Ms. Aicklen in Houston, Texas. She was subjected to sexual abuse at a Cotton Holdings event in Port O'Connor, Texas, and was terminated in retaliation for reporting the harassment.

ORIGINAL COMPLAINT

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. § 2000e *et seq.*, as amended, and (iii) 42 U.S.C. § 1981 *et seq.*, as amended.

4. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court in as much as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains offices, conducts business, and resides in this district.

## PARTIES

6. Plaintiff is a person who has been aggrieved by Defendant's actions. She is and has been, at all relevant times, a resident of Houston, Texas.

7. At all relevant times, Plaintiff was Defendant's employee and therefore covered by Title VII and the TLC.

8. Defendant is located at 840 W Sam Houston Pkwy N #225, Houston, Texas 77024.

9. Upon information and belief, Defendant employs more than 500 persons.

10. During all relevant times, Defendant has been an employer covered by Title VII

**ORIGINAL COMPLAINT**

and the TLC.

11.     Defendant transacted and continues to transact business in Texas by, among other things, employing persons located within Texas and within this judicial district.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

12.     Plaintiff, who has herein alleged claims pursuant to Title VII, has timely filed a complaint of sexual harassment and retaliation with the Equal Employment Opportunity Commission (EEOC).

13.     Plaintiff received her Notice of Right to Sue letter from the EEOC prior to the filing of this Complaint.

## STATEMENT OF FACTS

14.     Ms. Aicklen was employed by Cotton Holdings from January 31, 2022, to July 25, 2022. Ms. Aicklen worked in Business Development, specifically in culinary and catering specialties.

15.     On July 20, 2022, Ms. Aicklen was running the marketing table at the Lone Star Shootout fishing tournament in Port O'Connor, Texas. The attendees of the event were overwhelmingly male. Many of the guests, as well as several Cotton employees, were intoxicated and frequently made sexist, crude jokes towards the few women in attendance.

16.     Cotton's company fishing boat, the "High Cotton," was docked at the event. A male Cotton employee was tasked with tending to the boat throughout the night. He asked Ms. Aicklen multiple times to come on the boat alone with him. She declined.

17.     At one point, the employee approached Ms. Aicklen again and asked her to board the boat with him. When she declined, he forcibly put his hands up Ms. Aicklen's Nike athletic shorts and groped her.

18. Ms. Aicklen immediately pushed Defendant's employee off of her and removed herself from the situation, seeking out her Cotton supervisors for help.

19. Ms. Aicklen approached Pete Bell, Cotton Holdings Inc.'s CEO, and Forrest Jackson, Cotton Logistics' Executive Vice President, to report her sexual assault.

20. Ms. Aicklen told Mr. Bell and Mr. Jackson that she wanted to sit there for a second to get away from the employee who had just assaulted her. They refused to acknowledge her report and briskly dismissed Ms. Aicklen. They reprimanded her for interrupting their "private conversation," even though she had reported an assault by another Cotton Holdings employee.

21. Mr. Bell and Mr. Jackson ultimately told Ms. Aicklen to step away from their table and leave. Ms. Aicklen was embarrassed and apologized.

22. Throughout the rest of the event, sexist and derogatory comments continued to be made about and around Ms. Aicklen by Cotton employees and event attendees.

23. Ms. Aicklen returned to the Culinary Team's house and asked her colleague, Kasey Kalloch, if there were any beds available, as she was hoping to find a safe place to sleep. Mr. Kalloch responded that there was a bedroom available for Ms. Aicklen in another cabin. Other employees of Cotton who were also staying in Mr. Kalloch's cabin then joked that there were "glory holes" in the walls of the other cabin and made sexual innuendos towards Ms. Aicklen. This made Ms. Aicklen uncomfortable, and she responded that she was "not here for a gang bang," and that she would rather sleep on the couch at the Culinary Team's house, which she did.

24. On Monday, July 25, 2022, Ms. Aicklen reported her assault to her manager, Douglas Wade.

25. Thereafter, Ms. Aicklen was immediately terminated for "inappropriate behavior" and for interrupting Mr. Bell and Mr. Jackson's personal conversation at the event. Ms. Aicklen

was forced to take a ride-share home, leaving her Cotton Holding's car and office belongings behind.

26. Ms. Aicklen has yet to receive all of her personal belongings from Cotton Holdings, as well as earned commission from previous pay periods.

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
### (Retaliation)

27. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

28. Plaintiff engaged in protected activity when she reported the sexual harassment to Mr. Bell and Mr. Jackson.

29. Defendant retaliated against Plaintiff by terminating her employment for engaging in protected activity.

30. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*

31. Plaintiff's requests for relief are set forth below.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
### The Texas Employment Discrimination Act, as amended, Tex. Lab. Code §§ 21.001 *et seq.*
### (Retaliation)

32. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

33. Plaintiff engaged in protected activity when she reported the sexual harassment to Mr. Bell and Mr. Jackson.

34. Defendant retaliated against Plaintiff by terminating her employment for engaging in protected activity.

35. The conduct alleged herein violates Texas Labor Code §§ 21.001 *et seq.*

36. Plaintiff's requests for relief are set forth below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 2000e et seq.; and the Texas Labor Code, as amended, Tex. Lab. Code §§ 21.001 *et seq.*;

B. All damages which Plaintiff has sustained as a result of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, liquidated damages, job benefits she would have received but for Defendant's emotional distress, humiliation, embarrassment, and anguish;

C. Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct;

D. Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

E. Pre-judgment and post-judgment interest, as provided by law;

F. That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

G. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Plaintiff further demands that she be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Dated October 30, 2023               Respectfully submitted,

*/s/ Jay D. Ellwanger*
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
Brian Pounds
Texas State Bar No. 24126432
bpounds@equalrights.law
Ellwanger Henderson LLLP
11149 Research Blvd., Suite 100
Austin, TX 78759
Telephone: (737) 808-2260
Facsimile:  (737) 808-2238

**COUNSEL FOR PLAINTIFF**

**ORIGINAL COMPLAINT**