United States District Court
Southern District of Texas
**ENTERED**
May 09, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HALEY AICKLEN, | § § § § | |
| Plaintiff, | | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-04122 |
| COTTON HOLDINGS INC., | § § § § | |
| Defendant. | | |

## MEMORANDUM AND ORDER

### I.

Before the Court is the plaintiff's, Haley Aicklen, motion to dismiss the defendant's, Cotton Holiday, Inc., counterclaim allegations of breach of contract request for attorney's fees [DE 7]. The defendant has filed a response to the plaintiff's motion to dismiss [DE 10]. Considering the motion, response, arguments contained and the pleadings of the parties, the Court determines that the plaintiff's motion is unmeritorious and; therefore, the plaintiff's motion should be denied.

### II.

The plaintiff's pleadings generally show that she was employed by the defendant on the occasion of the dispute that give rise to this lawsuit in June and/or July 2022. The plaintiff was accused by her employer of making unauthorized personal purchases on the company credit card. According to the defendant, the matter was handled by the parties and the plaintiff entered into a written agreement on July 5, 2022, that amount to a "pay-

back" agreement in exchange for her continued employment.  However, on July 25, the defendant discharged the plaintiff for "engaging in unprofessional behavior in violation of the defendant's policy at a company event."

When the plaintiff filed her suit for job discrimination on October 30, 2023, the defendant filed an Original Answer and included counterclaims for breach of contract/agreement concerning the "pay-back" agreement for an equitable claim for "money had and received" and for an attorney's fee.

Federal Rule of Civil Procedure, Rule 12(b)(6) along with case precedent teaches that a plaintiff must plead sufficient facts to state a "plausible" claim for relief.  *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007); *Plotkin v. IP Axess, Inc.,* 407 F.3d 690, 696 (5th Cir. 2005).  This Fifth Circuit has not determined that the same rules of pleading specificity should apply to asserted counterclaims and affirmative defenses, particularly those claims that are based solidly in factual pleading.  The Court is persuaded, however, that the same "plausibility" standard should apply to a defendant, where the claims asserted are fact intensive.

In this case, the plaintiff's response acknowledges that a document of some magnitude was executed by the plaintiff in July 2022.  Whether the "agreement" is sufficient to sustain the defendant's counterclaims are principally a question of law.  Moreover, whether the evidence presented will support a quasi-contract or the award of an attorney's fee are also questions of law.

Here, the claims asserted by the defendant appear to rest in contract interpretation; because there is not dispute that the parties have a agreement the terms of which must be resolved alongside the plaintiff suit. In this instance, the defendant's pleading set out a sufficient factual and legal basis for defendant's claim. Hence, the plaintiff's motion to dismiss the defendant's counterclaims is Denied.

It is so Ordered.

SIGNED on May 9, 2024, at Houston, Texas.

_____
Kenneth M. Hoyt
United States District Judge